SAMUEL N. GRAGG *v.* JAMES H. HULL.

*Trover.   Demand.   Conversion.*

The fact, that a demand embraces more property than the party is entitled to, would not justify the other in refusing or neglecting to deliver within a reasonable time that part of the property demanded, to which the demandant was entitled.

But where the demandant informs the other at the time, that he would not accept any less than the whole that he demanded, the latter would be absolved from tendering that portion of the property demanded, which the demandant was entitled to.

A party is entitled to reasonable time to deliver property after demand, unless he refuse absolutely to deliver the property; and what would be a reasonable time, would depend in a measure upon the distance the property was from the place of demand.

The charge in this case, under the circumstances, leaving it to the jury to say whether "they were satisfied that the defendant had sufficiently accounted for his neglect or refusal to deliver the property," etc., without informing them what facts would in law constitute an excuse, was too indefinite to furnish a proper guide to the jury.

TROVER.   Plea, the general issue.   Trial by jury, December term, 1865, WILSON, J., presiding.

The plaintiff introduced testimony tending to show that on the 27th day of December, 1858, he caused a writ of attachment to be issued in his favor on a promissory note against the defendant, returnable before a justice of the peace, with which writ Charles Robinson, the plaintiff's attorney, and one Glines, a deputy sheriff, went, on the afternoon of the same day, to the defendant's wheelwright shop in Derby, where the defendant then resided, to make an attachment on said writ; that the officer Glines attached on said writ, three unfinished sleigh-woods as the defendant's property; that, after consultation between the defendant and said Robinson, who acted as attorney for the plaintiff, it was agreed by them that the sleigh-woods attached as above, should be released, and that the defendant should turn out to the plaintiff, and give the plaintiff a bill of sale of, the tools, machinery and implements sued for in this action, as security for the debt then claimed to be due from the defendant, as aforesaid; that said sleigh-woods were released, and that said Robinson then and there wrote a bill of sale or receipt for said tools, machinery and implements, therein specifically enumerating the same, except the belting and shafting belonging with the steam-engine, which belting and shafting,

though turned out, were embraced in said bill of sale or receipt under the general term, "all other tools and machinery belonging to me," and further setting forth in said bill of sale or receipt, that the defendant had received said tools, machinery and implements from the plaintiff, and that the defendant promised to redeliver the same to the plaintiff on demand; that the same were worth $200; that the defendant then signed said bill of sale and delivered the same to said Robinson, the plaintiff's attorney; that said Glines then and there attached said tools, machinery and implements on said writ, and made return thereon that he had attached the same; that the same were then left in the possession of the defendant; and that all the property mentioned in the plaintiff's writ and declaration in this action, was turned out and receipted by the defendant at the time of the service of the writ in the suit on said note.

For the purpose of proving that the plaintiff, before this suit was commenced, made demand for the property named in the declaration, he introduced S. G. Bean, the officer who served the writ, who testified that he went with the writ in this case to the defendant's shop in Irasburgh; that at that place he first read to the defendant from the declaration the articles mentioned therein, and made demand on the defendant for the property mentioned in the plaintiff's declaration, as the property mentioned in the bill of sale or receipt; that he (Bean) made the demand by direction of Robinson, the plaintiff's attorney; that Robinson directed him (Bean) to accept a delivery of none of the property demanded, less than all of it; that he then told the defendant that such were his instructions from the plaintiff's attorney, that he should follow them, and that he requested the defendant to deliver all of the property.

Said Bean further testified that he made demand for the property before he served the writ; that the defendant did not deliver any part of the property; that the defendant said some of the property he had not got, but such of it as he had on hand, he would deliver; that the defendant said some of the tools were at his shop at Irasburgh, and some of them were at his shop at Derby; that the defendant said there was more property mentioned in the

writ than he turned out ; that some of the property named in the writ was not turned out ; that the defendant said he did not own nor turn out the engine nor belting ; that the defendant claimed that some of the other property, besides the engine and belting, he never owned, nor pledged to the plaintiff, and such he should not deliver.

Said Bean further testified that, immediately after he made demand for said property and had the conversation with the defendant above detailed in relation to said property, he served the writ by arresting the defendant. Bean also testified that he never saw the bill of sale or receipt referred to in this case.

The plaintiff's testimony also tended to show that at the time the defendant turned out said property, and executed said bill of sale or receipt for the redelivery of the same, he was in possession of all of said property, and that he owned or claimed to own the same.

The plaintiff introduced the writ, declaration and files in the suit on the note, and showed that, at the June term, 1862, of the county court, he obtained final judgment in his favor against the defendant in his action on said note, for $86.80 damages and $110.34 costs of that suit; said suit having come into that court by appeal.

The plaintiff gave evidence tending to prove that said receipt or bill of sale was offered and read by him in evidence on a former partial trial of this action, that said Robinson was its last known custodian, and that it was lost; and the plaintiff, having proved the execution and loss of said bill of sale or receipt, was allowed to prove its contents by parol.

The defendant claimed, and his testimony tended to show, that on said justice writ no attachable property of his was taken, except three unfinished sleigh-woods, of which the value in all was $15 to $18 ; that the property which he in fact turned out to the plaintiff, was turned out only and expressly as security for the redelivery on demand of said sleigh-woods ; that the sleigh-woods were left by Glines, the officer, in the defendant's possession, and not returned on said writ as attached ; that the property thus turned out was, when said Bean made said demand, at Derby, and

had not been moved from there; and that in the defendant's shop at Derby, when said property was turned out, were carpenters' tools that were the property of others who worked in said shop, a circular saw and arbor, a steam-engine with belting and shafting, none of which belonged to the defendant, and that he so informed said Robinson before and at the time the defendant turned out the property by him above enumerated.

The defendant's testimony further tended to vary and contradict the plaintiff's testimony as to what property was turned out, and to show that the articles inserted in said receipt were fraudulently inserted.

The defendant claimed, and requested the court to instruct the jury, 1st, that, if they should find that said Bean demanded of the defendant more, or any other, property than was in fact pledged, and at the same time declared to the defendant that he would accept none less than all so demanded, the plaintiff could not recover; 2d, that, if they should find that the defendant did not pledge all the property demanded by said Bean, and that, when said demand was made, that which he did pledge was at Derby, and that he then declared to said Bean a readiness to deliver all that he had pledged, and that the same was at Derby, and that Bean in reply thereto told the defendant he should not accept, and that he refused to accept, a delivery of any less than all so demanded, the plaintiff could not recover; 3d, that, if the articles pledged were, when demanded, at Derby, and said Bean was so informed by the defendant, and the defendant did not positively refuse to deliver them, he was entitled to a reasonable time to make delivery, and the action was prematurely commenced.

But the court declined so to charge, and instructed the jury that it was their duty to determine, upon the whole testimony in the case, what property in fact was turned out by the defendant and embraced in the receipt or bill of sale to the plaintiff, and for what purpose the same was turned out and receipted to the plaintiff; that it was the duty of the defendant, on demand, to deliver to the plaintiff all the property which the defendant in fact turned out and receipted to the plaintiff, whether they should find it was all the plaintiff claimed, and his testimony tended to show,

was turned out and receipted, or only what the defendant claimed,. and his testimony tended to show, was turned out and receipted; that a demand on the defendant for the property, and the neglect or refusal of the defendant to deliver the property, would afford evidence upon which they might find a conversion of the property, unless they were satisfied that the defendant had sufficiently accounted for his neglect or refusal to deliver the property; and that, if the defendant was prevented from delivering the property by any act not committed nor consented to by the defendant, then the neglect or refusal to deliver it on demand, would not be sufficient evidence of a conversion to render the defendant liable in this action; that, if there was any property, by mistake or otherwise embraced in the bill of sale or receipt, that the defendant did not turn out or agree to receipt to the plaintiff, for such article or articles of property the plaintiff could not recover; and, if they should find that the receipt or bill of sale embraced any article or articles of property that the defendant did not own at the time the same were turned out and receipted, for such articles the plaintiff would not be entitled to recover; that, if the jury should find that the bill of sale or receipt embraced a greater number of articles of any kind than the defendant owned and turned out at the time the bill of sale was given: for instance, if the number of pairs of tongs embraced in the receipt or bill of sale was 12, and the jury should find that he owned but 6 pairs; and so in regard to any other articles of property the testimony tended to show were embraced in the receipt or bill of sale, and the jury should find that the property did not exist, or that the defendant did not own it at the time the bill of sale or receipt was given, for such property the plaintiff would not be entitled to recover; and, when the jury had found what property the defendant did own, turn out and receipt, the burden of proof was on him to account for his neglect or refusal to deliver the same on demand; that the defendant could not excuse his neglect or refusal to deliver such property as he did in fact own, turn out and receipt, on the ground that the plaintiff claimed, as the testimony tended to prove, that all the property named in the plaintiff's writ was turned out and receipted, and made demand for all of the same; that the

defendant, when the demand was made, claiming, as he did that he did not turn out, or give a bill of sale of, all the property demanded, should have specified what property he did in fact own and turn out, and should have proceeded to deliver, and have delivered, the same; and that a mere offer or readiness to deliver some property, without specifying what property, or without any act on the part of the defendantt oward delivering the property, was not a valid defense to the action.

The court told the jury that the demand for the property was sufficient, and it was for them to find whether the defendant, in any of the ways herein before stated to them, had accounted for his neglect or refusal to deliver the property he did in fact turn out and receipt; and also charged upon the question of damages.

To the refusal of the court to charge as above requested, and to the charge above detailed, the defendant excepted.

Verdict and judgment for the plaintiff for $50.55 damages.

*John H. Prentiss* and *Charles I. Vail*, for the defendant.

*George N. Dale*, for the plaintiff.

The opinion of the court was delivered by

PECK, J. The evidence in relation to the demand and refusal does not justify the charge of the court on the question of conversion. In the action of trover, a rightful demand and a wrongful refusal are in law a conversion. On trial there was a dispute as to the amount of property which the defendant had turned out and which the plaintiff had a right to demand, and upon the evidence the jury may have found the plaintiff entitled to no more of the property which the witness Bean demanded, than what the evidence on the part of the defendant tended to show had been turned out. But it appears that Bean, when he made the demand, on the occasion of serving the writ in this case, demanded also a great variety of other articles of property. If the jury found the amount of property which had been turned out, to be as the defendant claimed, then the demand as to the excess was not rightful. The mere fact, that Bean embraced in his demand of the property more property than he had a right to, would not justify

the defendant in refusing or neglecting to deliver within a reason-
able time that part of the property demanded, to which the
plaintiff was entitled. The county court were right in this abstract
proposition; and, if nothing more had appeared, the charge on
this point would have been substantially correct. But when it
appears that, on the defendant's claiming to Bean that he did not
turn out all the property that Bean demanded, Bean informs him
that he was instructed by the plaintiff's attorney not to accept
any of the property less than the whole that he had demanded,
and that he should follow his instructions, Bean then having the
writ in this case, which he was about to serve and which he im-
mediately did serve, the case is quite different. This instruction
to Bean, so communicated to the defendant, absolved the defend-
ant, under the circumstances, from the duty of presenting and ten-
dering that portion of the property demanded which the plaintiff
was entitled to, if the jury should find the plaintiff not entitled to
the whole, and the jury should have been so instructed. The in-
structions on this point to the contrary, were erroneous. Upon
the facts which the evidence tended to prove, the case was one
appropriate for the application of the legal principle that a party
is not bound to do a nugatory act; more especially, as the demand
was made at Irasburgh, and the evidence was that the property
which the defendant had turned out, was, either all or a part of it,
not present, but still in the defendant's shop at Derby, where it
was when turned out to the plaintiff and left in the defendant's
possession; of which fact the defendant informed Bean at the time
of the demand.

But even if Bean had said nothing which had the effect to ex-
cuse the defendant from complying with the demand by delivering
so much of the property demanded, as the plaintiff had a right to,
the defendant was entitled to a reasonable time to deliver the
property, if there were no denial of the plaintiff's right and no
refusal; and what would be a reasonable time, would depend in a
measure upon the distance the property was from the place of
demand. If the defendant refused absolutely to deliver that por-
tion of the property demanded, which he claimed he never had
turned out, as the evidence tended to show, and the jury should

find that the plaintiff was entitled to the whole that Bean demanded, the defendant would not be entitled to time to do what he declared to Bean he would not do, and the writ might properly have been served immediately. But if the jury should find that the defendant did not refuse to deliver the property that the plaintiff was entitled to receive, nor deny the plaintiff's right to it in such manner that a refusal, or an intention not to deliver, might be inferred, the plaintiff would be entitled to a reasonable time to deliver the property; and, in this view, if the property was at Derby, as the evidence tended to show, and Bean was so informed by the defendant at the time of the demand, the action was prematurely commenced and the plaintiff could not recover. The defendant was entitled to a charge substantially as above stated, especially as the attention of the court was called to the question by the defendant's third request. The charge, leaving it to the jury to say whether " they were satisfied that the defendant had sufficiently accounted for his neglect or refusal to deliver the property," etc., without informing them what facts would in law constitute an excuse, was too indefinite to furnish a proper guide to the jury. It was leaving law and fact combined to the jury, which ought to have been severed.

For the reasons stated, the defendant is entitled to a new trial.

As the judgment is to be reversed, we have not considered the question made as to the adjudication of the county court granting the certificate.

Judgment reversed, and new trial granted.