### ALSON C. HILL v. FRANK LARRO, APPELLANT.

#### *Trover. Damage. Lien. Conditional Sale.*

1. If one converts property on which another has a lien, the owner of the lien is enti-
   .tled in an action of trover to recover his *actual damages.*
2. But if he takes the property into his own possession, claiming to hold it on his
   original lien, instead of his attachment, he can recover *nominal damages.*
3. If he waives the lien, recovers full damages, attaches, and leaves the property with
   the officer, it vests in the defendant, and may be sold on execution.
4. When one has a legal right to demand property, refusal is conversion.
5. *Child et al.* v. *Allen,* 33 Vt. 476, followed.

THIS was an action of trover for a mare and colt. Plea, general issue and notice. Trial by jury, December Term, 1880, PIERPOINT, Ch. J., presiding.

It appeared that on the 19th day of March, 1875, the plaintiff sold and delivered said mare to one Cram, and reserved a lien on the mare to secure the payment of the purchase-money, and she was to remain the property of the plaintiff till paid for in full.

The lien was payable, ten dollars the first of June, and the balance six months from date, and the same was seasonably recorded, and had never been paid. Said Cram sold the mare, and she was subsequently purchased by the defendant, together with her suckling colt, which followed the mare at the time of the attachment in this case, and was less than a year old. The plaintiff never gave any authority to dispose of the mare, and she was sold without his knowledge or consent.

The other facts in the case stated in the opinion of the court.

*W. W. Rider* and *E. W. J. Hawkins,* for plaintiff.

*R. H. Mardin,* for defendant.

The opinion of the court was delivered by

TAFT, J. The plaintiff at the time this action was commenced held a valid lien upon the mare and colt for the conversion of which this suit was brought. The claim secured by such lien was past due, and Cram, who owned the mare at the time the lien was given, had sold her, and she had come into the possession of the defendant by purchase. The plaintiff took out the writ in this cause, and on the following day went to the defendant, notified him of the lien, the amount due him thereon, showed him the paper evidencing the same, and demanded payment of the amount due. The defendant, having the property then and there in his possession, refused to pay such amount, and the plaintiff then demanded the property, and the defendant refused to deliver the property to the plaintiff, claiming it as his own. The plaintiff then delivered the writ to an officer, who served it, attaching the mare and colt in the presence of the plaintiff, as the property of the defendant, and took it away.

Upon these facts, the court below directed a verdict for the defendant, and the question presented in this court is, was such direction correct ? The defendant claims " that the plaintiff having elected to take his own property, and so retaining it, is estopped from pursuing him further."

We think that, in this case, this is not a sound proposition. The plaintiff, at the time of the demand, had a complete right to

the property; no reasons existed why the defendant should not have delivered it to him. It is stated in argument that a demand and refusal to deliver, is not a conversion, nor evidence of a conversion; this is sometimes true; but it appears from the facts in this case that the demand was rightful, and the refusal wrongful; and PECK, J., in *Gragg* v. *Hull*, 41 Vt. 217, says that such demand and refusal, are in law a conversion.

The plaintiff, if there was any question as to the existence of the facts, had the right to have them submitted to the jury. There having been a complete conversion of the property, and suit brought to recover damages therefor, the plaintiff was certainly entitled to judgment with at least nominal damages.

Did the plaintiff, by causing the property to be attached in this suit, relinquish his right to greater damages? This position might be tenable, had the plaintiff taken it, after the attachment, or claimed to hold it when taken, by virtue of his original lien, but such are not the facts; the property was taken, and is now held, by the officer, upon the attachment, as the property of the defendant, and the plaintiff makes claim to it in no other way, and we see no reason why he is not entitled to full damages, if claimed. By the conversion, the plaintiff became entitled to his damages therefor, and we think that under the authority of *Child et al.* v. *Allen*, 33 Vt. 476, he could elect to take the property, if he could obtain possession of it, and hold it by virtue of his original lien, and recover nominal damages, or waive such lien and recover full damages. Such recovery, the damages being paid, would vest the property in the defendant, and unless exempt, would become, like other property, subject to be taken on attachment or execution.

Judgment of the Court is reversed, and case remanded.