### HARRIET WILLEY *v.* FRANK LARAWAY.

*Exceptions to report not necessary where question is submitted by referee. Tenant in dower may maintain action for injury to reversion. But not against the grantee of the reversioner.*

1. Where the report of a referee submits to the court a question of law upon the facts found, no exception to the report is needed to raise that question.

2. A tenant in dower is liable to the reversioner for waste done the premises by a stranger, and may therefore maintain an action against a stranger for an injury to the reversion.

3. A judgment in such an action would bar an action for the same injury by the reversioner, for the tenant and reversioner are privies in estate.

4. The plaintiff was the widow of Silas Willey. Volney Willey, the heir of Silas Willey, conveyed to the defendant the east half of lot 31, "except five acres more or less out of the south-east corner of said lot heretofore set off as a part of the widow's dower." In fact more than fourteen acres of said lot had been set out as dower. The report found that the defendant had cut a small quantity of timber on the five acres excepted in the deed, and a much larger quantity on the nine acres not excepted, and that there was still ample timber for the estovers of the widow. *Held,* that the defendant was liable to the plaintiff for the timber cut upon the five acres, but not for that cut upon the nine acres, for as to that he was himself the reversioner, and the only injury was to the reversion.

Trespass for cutting and carrying away the trees of the plaintiff. Heard upon the report of referees at the April term,

1892, Ross, Ch. J., presiding. Judgment on the report for the larger sum. The defendant excepts.

The case appears in the opinion.

*B. A. Hunt*, for the defendant.

The plaintiff cannot recover for an injury to the reversion. 2 Wat. Tres., 398, ss. 950, 953; *Wood* v. *Griffin*, 46 N. H. 230.

The judgment would not be a bar to an action by the reversioner. 2 Wat. Tres., s. 951; 4 Kent, 78; Dicey Parties, 340, 329 to 343, marginal paging; 1 Addison Torts, s. 369.

*P. K. Gleed*, for the plaintiff.

The opinion of the court was delivered by

TYLER, J. The referee submitted the question of the plaintiff's right to recover to the determination of the court below, therefore exceptions to the report by the defendant were unnecessary. *White et al.* v. *White, Ex'r.*, 21 Vt. 250.

The first question to be determined is whether the plaintiff, holding a dower estate in the lands in question, can maintain this action for an injury to the reversion. The writ and declaration have not been furnished us, but counsel in argument have treated the action as brought upon sec. 4206, R. L., to recover treble damages. The action therefore is trespass *qu. cl. fr.* The statute giving treble damages in certain cases of trespass on real estate does not create the right of action, but only gives cumulative damages for what was, and still is, actionable at common law. *Montgomery* v. *Edwards*, 45 Vt. 75.

The right of a life tenant to cut wood and timber upon the lands in which his tenancy exists is limited to reasonable *estovers*. Our statute in respect of the liabilities of a dowress is only de claratory of the common law:

" No woman, endowed of lands, tenements, or hereditaments, shall commit or suffer waste on the same, but shall maintain the houses and tenements, with the fences and appurtenances, of which she is endowed, in good repair during her term, and leave

the same in good repair at the expiration thereof, and shall be liable to the person owning the reversion for damages occasioned by waste committed or suffered by her." R. L. 2227.

Voluntary waste implies acts of commission; permissive waste, acts of omission, as suffering buildings to fall for want of ordinary repairs, or lands to deteriorate from neglect. *2 Black. Com.* 281. It is not presumable that the legislature intended by the use of the word "suffer" to render the dowress liable for acts amounting to waste committed without her permission by third persons. A stranger who does injury to the premises is liable either to the tenant or the reversioner, but one who acts by the authority or permission of the tenant in possession is not a stranger, and for his acts the tenant would be liable as for commissive waste. *Livingston* v. *Mott*, 2 Wend. 605. Resort must therefore be had to the common law for remedies for wrongs of this character when committed by strangers to the title.

At common law tenants by the courtesy and in dower were answerable for waste committed by strangers, and this liability was by statutes 52 Hen. 111, c. 23, and 6 Edw. 1, c. 5, extended to tenants for life and for years. It is a general principle that the tenant, without some special agreement to the contrary, is responsible to the reversioner for all injuries amounting to waste, done to the premises during his term, by whomsoever the injuries may have been committed, with the exception of the acts of God, and public enemies, and of the reversioner himself. This principle is founded in public policy. The landlord cannot protect the property against strangers: the tenant is on the spot and presumed to be able to protect it. 4 *Kent's Com.* 77 1 *Wash. Real Prop.* 146, 156. Blackstone says, 2 *Com.* 283, that the law ought to protect the reversion when the tenant takes the estate by operation of law; while in other tenancies the lessor might have guarded in his lease against waste by the lessee. It was held in Massachusetts that a tenant for life is bound to see that trespassers do not injure the estate, and that for this purpose

the law gives him an action of trespass; so that whether waste is committed by himself or by a stranger, he is alike answerable to the reversioner. *Fay* v. *Brewer*, 3 Pick. 203 ; *Shattuck* v. *Shattuck*, 5 Pick. 191 ; *Clark* v. *Holden*, 7 Gray 8, 66 Am. Dec. 450. Beardsley, J., discussed this subject in *Cook* v. *The Champlain Transportation Co.*, 1 Denio 91, and quoted from the opinion of Heath, J., in *Attersoll* v. *Stevens*, 1 Taunt. 198, as follows : " It is common learning that every lessee of land, whether for life or for years, is liable in an action of waste to his lessor, for all waste done on the land in lease, by whomsoever it may be committed ;" and from Chambre, J., in the same case : " The situation of the tenant is extremely analagous to that of a common carrier, to prevent collusion, * * * both are charged with the protection of the property entrusted to them against all but the acts of God and the king's enemies ; and as the tenant in the one case is charged with the actual commission of the waste done by others, so in the other case the carrier is charged * * * though he loses the goods by a force that was irresistible," etc. He also quotes Lord Coke as saying : " Tenants by the courtesy, tenants in dower, tenants for life, years, etc. shall answer for the waste done by a stranger, and shall take their remedy over," and cites 1 Inst. 54, 57, 377 and notes ; 1 Chit. Gen. Pr. 388 ; 2 Roll. Abr. 821 ; 3 Black. Com. 228 ; Comyn's Land. and Ten. 188.

Although the reversioner doubtless may bring his action against the actual trespasser, when the injuries affect the inheritance, it seems clear that the tenant in dower is answerable for such injuries to the estate ; and being thus liable, it follows as a legal consequence that she has her action over against the trespasser. 4 Kent. 77 ; 1 Wash. Real. Prop. 156. The fact that the reversioner may omit to take action against the real trespasser, relying on the liability of the tenant to answer to him for such trespasses, is of itself a strong reason for holding that it is the right of the tenant to maintain an action against the wrong doer before judgment against herself in favor of the reversioner.

The counsel for the defendant urges that this judgment would not be a bar to an action by the reversioner against the defendant. It is true that a judgment is not conclusive except as to the parties thereto and their privies. *Nason* v. *Blaisdell*, 12 Vt. 165 ; *Gerrish* v. *Bragg*, 55 Vt. 329. On the other hand the judgment of a court of competent jurisdiction is conclusive between parties and privies. In this case there is a privity of estate between the reversioner and the tenant in dower so that this judgment would be a bar to another action. 1 Green. Ev. 189, 523 ; *Foot et al.* v. *Dickinson*, 2 Met. 611.

There is no ground for the argument that only five acres were set out to the widow from lot No. 31 as part of her dower. The commissioners, in Dec. 1878, set out that part of her dower by defined boundaries. In Dec. 1887, when the defendant took his deed, he and his grantor understood that only five acres of the dower estate were situated in that lot, and the deed was made upon that theory. A year or two later a question arose as to the north line of the dower and a survey was made whereby it was found that the dower land situated in lot No. 31 contained 14.36256 acres, as appears by the surveyor's map which is made part of the report.

Volney Willey, through his guardian, conveyed to the defendant a part of the Silas Willey farm, being " the east half of lot No. 31 except five acres more or less out of the south-east corner of said lot heretofore set off as a part of the widow's dower." An exception of 14.36256 acres, instead of five acres, should have been made from this conveyance.

The referee has found that the defendant cut timber of the value of $10 upon the five acres and of the value of $146.25 upon the 9.36256 acres, and that a sufficient amount remains for the requirements of the dower estate.

Another question now arises. It appears that the plaintiff is the widow of Silas Willey; that Volney Willey, an insane person, was an heir of Silas and had a reversionary interest in the

dower estate. It does not affirmatively appear by the report that there are other reversioners. Through a misunderstanding as to the number of acres that had been set out to the plaintiff in lot No. 31, the defendant by his deed acquired the reversioner's interest in 9.36256 acres, though he supposed he acquired an absolute title. He has cut timber upon all the land that was set out as dower in lot No. 31.

The defendant was not a stranger to that part of the dower, the reversion of which was conveyed to him by Volney Willey. To that he held the same relation which his grantor held before the conveyance. The injury to it was an injury to his own reversion, and a citation of authorities is not necessary to show that a reversioner is not liable for his own injuries to the estate except so far as they affect the rights of the tenant. In this case it appears that there was ample timber remaining for the plaintiff's *estovers* so that her rights as tenant in possession were not affected. If she should recover damages for injuries to the reversion the recovery would not be for herself but she would be answerable over to the defendant who owns the reversion.

If the fact were found, which is intimated in the brief of the defendant's counsel, that the defendant had a co-tenant in the reversion, it could not change the result. Tenants in common in a reversion have a present vested estate, and may hold each other liable for injuries to it, but from the nature of their seisin the tenant in dower is not liable to one for the acts of the other, and consequently she has no right of action against either.

As to that part of the dower which the defendant's grantor excepted from the conveyance the defendant was a stranger. The exception was "five acres, more or less," * * * the grantor evidently supposing that the dower consisted of only five acres. Although the reversioner would not have been liable had he committed injuries upon the excepted part, the defendant is liable

because it was excepted from the terms of the deed and he acquired no title to it.

The general rule, that a statement in a deed of the number of acres conveyed, with the words " more or less " added, is mere matter of description, does not apply here, for the exception is not in gross; the land excepted is not described by metes and bounds nor by courses and distances; it is described as a definite quantity, five acres, and the words, " more or less," cannot be construed to enlarge that quantity. *Smith* v. *Rock*, 59 Vt. 232. Besides, the referee finds that the defendant supposed that the dower consisted of five acres, and "that it had always been so considered." Both parties evidently understood that five acres were excepted. As the recovery is for the benefit of the reversioner a construction of the exception of the deed to mean fourteen and a fraction acres would permit a recovery for all the injuries done thereon and would in effect allow the reversioner to profit by his error.

*Judgment reversed and judgment for the plaintiff for the smaller sum named in the report.*