JULIA MAHER's Admr. et al. *v.* JOHN J. MAHER et al.

October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed May 9, 1901.

*Real estate—Life tenancy—*One entitled only to the use, occupancy, rents, issues and profits of a farm during life is a life tenant merely.

*Real estate—Case of an unopened quarry—*A life tenant of a farm has no right in respect to an unopened quarry thereon, further than the right to prevent interference with his use of the land as a farm, and the right to keep it unwasted for the remainder-man.

*Waiver by life tenant of rights beneficial to him.—*A life tenant of a farm by joining with the remainder-man in a lease of an unopened quarry thereon to be worked upon royalty, waives such right as he may have to prevent quarrying as an interference with his life estate.

*Lease of unopened quarry by remainder-man and life tenant—*The mere execution by the life tenant and the remainder-man of a lease of an unopened quarry to be worked upon royalty, does not at most entitle the life tenant to more than half the royalty.

*Recovery from remainder-man by life tenant—*The life tenant cannot recover from the remainder-man what the latter would be entitled to have paid back to him.

CHANCERY. Heard on pleadings and the report of a special master, Rutland County, March Term, 1900, *Rowell,* Chancellor. A *pro forma* decree dismissing the bill was rendered. The orators appealed.

*William H. Preston* and *H. L. Clark* for the orators.

*Butler & Moloney* and *F. S. Platt* for the defendants.

STAFFORD, J. John S. Maher died in 1893, leaving a will by which, after certain money legacies to his daughter, he gave his whole estate including a farm to his only son, subject to the right of his wife to use the same during her life or widowhood. Shortly before he died, and long after he made the will, he and his wife deeded the farm to the son upon condition that the grantors and the survivor should have "the use, occupancy, rents, issues and profits" during life. There were slate deposits on the farm; and soon after the father's death the son and widow leased that part to two lessees, to quarry upon royalty, who on the same day assigned a third interest under the lease to the son; and thereafter the three worked the quarry as partners until the widow's death, paying her $915.00 of the $1,622.37 due under the lease. A further sum, $216.10, has become due since her death.

This bill is brought by the administrator of the widow and some of the heirs of John S. Maher against the son, the lessees and others, to set aside the deed and recover the balance of the royalty. The deed, it is said, was without sufficient consideration, and, whether so or not, was inoperative as being of a testamentary character.

But whether the widow's title be under the condition in the deed or under the will, it is in legal effect the same,—that of life tenant; while the son's is that of remainder-man. If the widow might have objected to the quarrying as an interference with her use of the land as a farm, she waived her right

by joining in the lease.    Further than her right to prevent such interference she had none in the quarry—for it had not been opened—except to keep it unwasted for the remainder-man.    *Lenfers* v. *Hente,* 73 Ill. 405 : 24 Am. Rep. 263 ; Note, 14 Am. St. Rep. 628 ; *Marshall* v. *Mellon,* 179 Pa. St. 371 : 57 Am. St. Rep. 601 ; *Billings* v. *Taylor,* 10 Pick. 460.    See also Eng. Rul. Cas. Vol. 17 pp. 723-774 for cases and notes.

The remainder-man himself having done the quarrying she cannot recover from him what she would be bound to pay back to him.    *Willey* v. *Laraway,* 64 Vt. 559.

The orators have failed to establish their allegation of an agreement to pay the whole royalty to the widow, and if by the lease she was entitled to one-half, which is all that could be said, she has received that and more.

*The pro forma decree dismissing the bill is affirmed and the cause remanded.*