CALEB CLARK *v.* JOHN CLEMENT.

May Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD AND HASELTON, JJ.

Opinion filed August 12, 1903.

*Contract—Construction—Conditional sale—Conversion by vendor—Measure of damages.*

A written contract which stipulates that certain labor is to be paid for in personal property which is to be the property of the payor until paid for, and on which the parties have made certain indorsements, is construed to be a conditional sale of such personal property.

27

For a conversion by the vendor of personal property sold conditionally, the vendee is entitled to recover the value of the property at the time of the taking, less the sum then unpaid on the contract of sale.

TROVER. Plea, the general issue. Heard on the report of a referee, at the June Term, 1902, Bennington County, *Tyler,* J. presiding. *Pro forma* judgment for the defendant. The plaintiff excepted.

*Charles S. Chase* for the plaintiff.

The contract in question evidences a conditional sale, and the defendant could not take possession of the property except as provided by statute. V. S. 2293; *Smith* v. *Wood* 63 Vt. 534; *Roberts* v. *Hunt,* 61 Vt. 612.

The plaintiff should recover the value of the property and the value of the use of the same as shown by the report.

*Arthur P. Carpenter* for the defendant.

The contract is an entire one, and must be completed by the plaintiff before he can claim the property. 6 Ency. Law. (2 Ed.) 453; *Implement Co.* v. *Parlin & Orendorf Co.,* 51 Kan. 544; *Herring* v. *Hoppock,* 15 N. Y. 409; *Rosendorf* v. *Baker,* 8 Ore. 240.

If the contract is a conditional sale, the measure of damages is the value of the property less the sum due. *Cushing* v. *Seymour, Sabin & Co.,* 30 Minn. 310; *Jones* v. *Horn,* 51 Ark. 19; *Deal* v. *Osborne,* 42 Minn. 102; *Brink* v. *Freoff,* 40 Mich. 610; *Kimball* v. *Marshall,* 8 N. H. 291.

START, J. The right of action depends upon the construction to be given to the following agreement, which was executed by the parties named therein: "This agreement made this

19th day of October, 1900, between Caleb J. Clark of the one part and John Clement of the other part, witnesseth, That the said Caleb J. Clark for the consideration hereafter mentioned, promises and agrees to cut and deliver logs at the said John Clement's mill from lot north of said mill at $2.50 per M. or from other lots as agreed upon hereafter. In consideration whereof the said John Clement hereby agrees to pay to said Caleb J. Clark for labor heretofore mentioned, one pair of horses, one bay mare twelve years old and one black horse, and one pair of harnesses, valued at $165.00, and said property to be the property of the said John Clement until paid for, and to remain on the above mentioned job until paid for."

It is found that before the execution of this contract, the defendant made an agreement with the plaintiff, under which the horses and harnesses passed into the possession of the plaintiff, and remained in his possession, and were used by him on the job mentioned in the written agreement, and on other jobs agreed upon between the plaintiff and defendant, until June 17, 1901, when they were taken by the defendant; that while the property was in the possession of the plaintiff the following endorsements were made upon the written agreement: "Received on the within agreement November 1st, $22. Received on the month agreement March 1st $43. June 1st received to apply on the within note $24.36;" and that the amount of each of these indorsements was determined by the plaintiff and the defendant by settling their respective accounts at the dates of the several indorsements. The fact that the property was delivered by the defendant to the plaintiff at or before the execution of the written contract, and that while the plaintiff retained the possession of the property he made payments upon the contract, which were received by the defendant and indorsed thereon, indicate that the parties inter-

preted the contract as a contract of sale, and acted upon that understanding; and we think the written contract, when read in the light of this fact, is, in legal effect, a conditional sale of the horses and harnesses. It is clear, from the language of the written contract, that the parties understood that the plaintiff was to do certain work for the defendant, and have in payment therefor the horses and harnesses. The words in the contract, "said property to be the property of the said John Clement until paid for," imply that upon payment by the plaintiff in the manner provided for by the contract, the property and ownership of the horses and harnesses were to pass from the defendant to the plaintiff. *Whitcomb* v. *Woodworth,* 54 Vt. 544; *Collender Co.* v. *Marshall,* 57 Vt. 232.

The defendant being a conditional vendor of the property, his remedy for a breach of the contract of sale was under V. S. 2293. He, having taken the property contrary to the provisions of this statute, and refusing to deliver it on demand, is liable in this action for its conversion. *Roberts* v. *Hunt,* 61 Vt. 612, 17 Atl. 1006; *Smith* v. *Wood,* 63 Vt. 534, 22 Atl. 575. The plaintiff being the conditional vendee of the property and the defendant the vendor, and payment in accordance with the terms of the sale not having been fully made at the time the property was converted by the defendant, the plaintiff can recover only the value of his interest in the property at that time. This sum is the value of the property at the time of the conversion, diminished by the sum then remaining unpaid upon the contract of sale. *Burdict* v. *Murray,* 3 Vt. 302, 21 Am. Dec. 588; *Willey* v. *Laraway,* 64 Vt. 559, 25 Atl. 436; *Stillwell* v. *Farewell,* 64 Vt. 286, 24 Atl. 243; *Maher* v. *Maher,* 73 Vt. 243, 50 Atl. 1063; *Vickery* v. *Taft,* 1 D. Ch. 241; *Buckmaster* v. *Mower,* 21 Vt. 211. In ascertaining the sum remaining due upon the contract of sale, the value of the

use of the property from the date of the conversion should not be deducted. When the defendant pays the value of the property as of the day of the conversion, he will become the owner thereof, and entitled to its use as of that date. *Hill* v. *Larro,* 53 Vt. 629.

*The pro forma judgment is reversed, and judgment for the plaintiff to recover $64.36 and his costs.*