## ABEL MORRILL v. S. R. MOULTON.

*Trover. Deposition. Conversion.*

Where one obtains possession of another's property though lawfully, and sells it, believing it to be his own, the sale is a conversion.

The adverse party notified to be present at the taking of a deposition has not two hours after the time named in the citation to make his appearance, but the magistrate may proceed at once. The statute limits the right of the magistrate to proceed to the condition of his being present within two hours of the appointed time.

THIS was an action of trespass and trover for a sheep and a fleece of wool. Plea, the general issue. Trial by jury, at the March Term, 1867, PECK, J., presiding.

It appeared that the parties both lived in Cabot, on adjoining farms; that in the spring, when the defendant was washing his sheep, three of the plaintiff's sheep, with his mark on them, were discovered by the parties among the defendant's sheep. The defendant's mark was the initials of his name, marked with tar on the wool. The plaintiff told the defendant that he wished him to wash them with his own, and let them run with his sheep till he, the defendant, got his up to shear them, and he, the plaintiff, would pay the defendant for doing so. The defendant assented, and washed the three sheep, and they were turned out with the defendant's sheep. When the defendant got his sheep into the barn to shear them, the plaintiff sent his hired man and his son to the defendant's barn to get the three sheep. They picked out some which they claimed as the plaintiff's, and took them off to the plaintiff's premises. The evidence was conflicting as to whether they took two sheep or three. Soon after this, and on the same day, the plaintiff went to the defendant's barn, where the defendant's men were still shearing the defendant's sheep, and the defendant was engaged in doing up and carrying in the wool into a shed near the barn where the sheep were, and the plaintiff claimed he had not got all his sheep, claiming one more, and caught a sheep among the defendant's sheep—one that the defendant's men had sheared—and the plaintiff claimed it as his

own; the defendant also claimed it. The plaintiff proposed to look over the wool and see if a fleece could not be found that had his mark on it, but the defendant told him he was in a hurry, and did not like to stop then, and told the plaintiff that as he marked his sheep when he finished shearing, he would not mark that one, and that he would let the matter rest for the present, and the plaintiff might come some time and they would look over the wool and come to a conclusion as to the ownership of the sheep. To this the plaintiff assented and left. This was in June. The defendant did not mark this sheep when he marked the others. The plaintiff did not ever call to look over the wool, nor did he say anything more about the sheep or the wool till after the defendant sold his wool. The defendant sold his wool sometime in July of the same year, including the fleece from the sheep in question.

The defendant's testimony tended to show, that the plaintiff not coming to look over the wool as they had agreed, he, the defendant, supposed the plaintiff had concluded to give up his claim to the sheep and the fleece of wool; that he did not discover any fleece with Morrill's mark on it, and, therefore, he sold the fleece which came from the sheep in question, with the rest of his wool; that the defendant did not examine his wool after the agreement detween him and Morrill, because he was always satisfied that the sheep was his own, although at the time he sold his wool he did not think about the question as to the fleece.

In the fall of that year the plaintiff demanded the sheep of the defendant and the defendant refused to give it up, claiming it as his own. The plaintiff's evidence tended to show that he, at the same time, demanded the fleece of wool, but the defendant's evidence tended to show that the plaintiff, at this time, demanded the sheep and said nothing about the wool.

The evidence was conflicting as to which of the parties owned the sheep.

No question was reserved except as to whether the sale of the wool in question was a conversion if the jury should find it belonged to the plaintiff. The defendant insisted that the sale of the wool, under the circumstances, was not a conversion, even if it was the property of

the plaintiff; but the court decided otherwise, and charged the jury that if they found the plaintiff owned the sheep in question, the fleece from it belonged to the plaintiff also, and that the sale of it by the defendant was a conversion, even taking the circumstances of the sale as the defendant's evidence tended to show,—to which the defendant excepted.

Verdict for the plaintiff.

The plaintiff, in the course of the trial, offered the deposition of George Dow, taken for the cause that the witness was about to leave the state, not to return before time of trial, to which the defendant objected, on the ground that he having been served with notice of the time and place of taking, appeared there within two hours after the time set in the notice for the taking of the deposition, for the purpose of attending the taking of the deposition, and could not find the witness or the justice there, the deposition having been taken before the defendant arrived. These facts were proved to the court, and it appeared that the deposition was taken in Cabot, where both parties and the witness resided, and within thirty miles of the place of trial; but the court admitted the deposition,—to which decision the defendant excepted.

*C. H. Heath*, for the defendant.

*J. P. Lamson*, for the plaintiff.

The opinion of the court was delivered by

Steele, J. I. By the verdict and exceptions we are required to decide the question of conversion upon the assumption, first, that the fleece in dispute, which the defendant sold, was the property of the plaintiff; secondly, that the sale was made without any authority from the plaintiff; thirdly, that the sale was made with a conviction on the part of the defendant that the wool was his own, and a further conviction that the plaintiff had abandoned all claim to it.

A sale made under such circumstances, though not as morally censurable as one made with a corrupt design, was still an actual conversion, by the defendant to his own use, of the plaintiff's

Marshfield v. Edwards.

property, without right. That being the case, it is immaterial, in trover, whether the original taking was lawful or unlawful; whether the purpose of the conversion was honest or corrupt; whether the suit was preceded by a demand and refusal or commenced without any demand of the defendant. A demand of the fleece by the plaintiff, and a refusal to restore it by the defendant, would have been *evidence* of a conversion. The sale of it by the defendant was conversion itself. The ruling of the court on this subject was, therefore, correct.

II. The objection to the deposition raises the question whether the adverse party notified to be present at the taking of the deposition, has two hours after the time named in the citation within which to make his appearance. The statute limits the right of the magistrate to proceed to the condition of his being present within two hours of the appointed time. The evident object of this provision is to fix some time after which the adverse party may safely leave if the magistrate does not appear. The statute makes no provision requiring the magistrate to delay for the party. There may be good reasons to urge why it should, but reasoning as to what the statute ought to be has very little force unless the language of the statute is doubtful or susceptible of different constructions.

The deposition was properly received.

Judgment affirmed.