## C. L. ROBERTS v. FRANK HUNT, APT.

*Conditional sale.   No. 93, Acts of 1884.*

1.  Since the passage of No. 93, Acts of 1884, the vendee in a conditional sale,. where a valid lien has been created under the statute in favor of the vendor, has a right to the possession of the property until thirty days. after breach of condition.
2.  In such case the only remedy of the vendor at law is to proceed under the Act.

This was an action of trover for a horse, and was heard at the September Term, 1887, Taft, J., presiding, upon agreed statement of facts.   Judgment for the defendant; exceptions by the plaintiff.   The following is the agreed statement:

"The defendant about February first, 1886, sold plaintiff a horse, reserving thereon a conditional sale lien, by the terms of which plaintiff was to pay the defendant ten dollars on the Saturday next after and ten dollars the succeeding Saturdays until he had paid the sum of sixty dollars, the balance of the purchase money, and the horse to remain the property of the defendant until paid for.   There was paid on the first instalment the sum of $2.32 and the balance was never paid.   Within a day or two after the second payment fell due defendant demanded of plaintiff the sum due him, and plaintiff failing to pay, demanded the horse, which plaintiff neglected to deliver, whereupon defendant told plaintiff if he did not pay him, defendant, he, defendant, should take the horse.   About six o'clock in the evening on February 16, 1886, defendant went to the barn of Mr. Gordon, in which barn plaintiff kept his said horse, in his, the plaintiff's. absence, went into said barn and took said horse, kept it about six weeks and then sold it at private sale without consulting the plaintiff.   Defendant never said anything to plaintiff about the horse after he took it.   Plaintiff, though he soon learned that defendant had taken the horse, never offered to pay defendant

what he owed him on the horse, until after the defendant sold the horse, which was about six weeks after he took the horse into his possession.

"The value of the horse at the time the defendant took it as above stated was $50. The use of the horse was worth fifty cents per day; and the horse was taken five days after the second instalment was due. The case to proceed as if the neces- sary pleas were filed."

*John G. Wing*, for the plaintiff.

1. Where the statute gives a new right and prescribes the method by which that right is to be secured, such procedure must be strictly followed. No. 93, Acts of 1884; *Dauchy v. Brown*, 24 Vt. 197; *Windham Prov. Inst. v. Sprague*, 43 Vt. 502; *Newman v. Waite*, 43 Vt. 587; *Brattleboro v. Waite*, 44 Vt. 459; *Calkins v. Clement*, 54 Vt. 635.

The act in question did give the debtor new rights, viz.: the right to redeem his property, and the right to the possession of it for thirty days after condition broken.

2. Trover is the proper remedy. *Swift v. Moseley*, 10 Vt. 208; *Hurd v. Fleming*, 34 Vt. 109; *Lamb v. Clark*, 30 Vt. 347; *Knapp v. Winchester*, 11 Vt. 351.

3. The measure of damages is the interest which the plain- tiff had in the horse, viz.: the right to use him twenty-five days. This under the agreed statement would amount to $12.50.

*T. R. Gordon*, for the defendant.

The title to this horse remained in the defendant, with the right of possession after breach of condition. *Burnell v. Mar- vin*, 44 Vt. 279; *Armington v. Houston*, 38 Vt. 450; Roberts' Digest, p. 623, par. 176–178; *Buckmaster v. Smith*, 22 Vt. 203; *Burnell v. Marvin*, 44 Vt. 277; Jones Ch. Mort., s. 426.

The act of 1884 is only permissive, not mandatory. The word *may* does not mean *must.* *Kellogg v. State Treasurer*, 44 Vt. 356; *Crosby v. School District*, 35 Vt. 625; Jones on Ch. Mort., ss. 758, 773; 3 Wait's A. and D. 420, 421; *Leach v. Kimball*, 34 N. H. 538; *Landon v. Emmons*, 97 Mass. 37.

Trover will not lie. The defendant at the time he took the horse had the legal title with the right of immediate possession. The remedy, if any, is by an action on the case. But here there is no damage since the value of the horse is less than the amount due on it. Jones Ch. Mort., pp. 370, 371, ss. 434, 435, and cases cited; 3 Wait's A. and D. 420, 421; *Blodgett* v. *Blodgett*, 48 Vt. 32; *Lavigne* v. *Naramore*, 52 Vt. 267; *Wood* v. *Dudley*, 8 Vt. 430; *Leach* v. *Kimball*, 34 N. H. 568; *Landon* v. *Emmons*, 97 Mass. 37.

Plaintiff should have tendered the sum due before bringing suit. *Blodgett* v. *Blodgett*, 48 Vt. 32.

The opinion of the court was delivered by

TYLER, J. The question in this case is, what force and effect are to be given to No. 93 of the Acts of 1884. Section 5 of that act is as follows:

"The vendor of personal property sold conditionally, with a lien reserved thereon, or his assignee may, after thirty days from the time of condition broken, cause the property upon which the lien exists, or so much thereof as may be necessary, to be taken and sold at public auction, by a public officer, at a public place, in the town where the person giving the lien resides, or where the property is, notice of the time, place and purpose of such sale being posted at two or more public places in such town at least ten days prior thereto; notice of such sale shall also be given to the vendee of the time and place of sale, in writing delivered to him or left at his abode, if living within the town, or sent by mail if he does not reside in such town, at least ten days previous to the sale, and if the property is not redeemed by the payment of the amount due and costs and expenses incurred by such breach of condition, the property shall be sold as posted."

This act was obviously passed in order to give the vendee opportunity to redeem after breach of condition, the same as on foreclosure of mortgages of real and personal estate; also to save for him whatever the property may bring above the debt, as provided in section 6. These are new rights given to the debtor,

and it is well settled that where a new right is created by statute that did not exist at common law, and the statute prescribes the manner of enforcing that right, the remedy so given must be adopted.

To hold that the conditional vendor may at once repossess himself of the property upon breach of condition would be to render the act of no effect.

While it is true that the defendant was the general owner of the horse in dispute, it is equally clear that the plaintiff had a special property therein coupled with a right of possession for thirty days after breach of condition, and it is the law that a person who has a special property in a chattel may maintain trespass or trover against the general owner. *Lamb* v. *Clark*, 30 Vt. 347 ; *Hurd* v. *Fleming*, 34 Vt. 169.

The statement of facts is quite meagre, but the arguments have proceeded on the ground that the lien reserved was a valid recorded one as the statute requires. Assuming this to be the case we hold that the vendor's only remedy at law was under the act of 1884, whatever it may have been in equity, and that his sale of the horse was wrongful.

*Judgment reversed and judgment for the plaintiff for the sum of* $12.32.