## W. B. MOSES *v.* N. B. ROGERS.

*Conditional sale ; right of the vendor to possession under.*

In case of an unrecorded vendor's lien, a vendor who takes possession of the property thereby acquires good title as against a subsequent attaching creditor of the vendee, although he did not demand the amount due, nor the property, and although he did not notify the vendee that he had taken possession under his lien, and the vendee did not know that he had.

Replevin for a horse-power and saw. Plea, the general issue and trial by court, at the March Term, 1889, of the Washington County Court, ROYCE, Ch. J., presiding. The court found the following facts :

In 1886, the plaintiff sold, conditionally, to one Linton, the property in question, taking back a vendor's lien, which was never recorded. The property remained in the possession of Linton until April, 1888. Previously to this time the plaintiff had requested one Kinney to get and keep possession of the property for him, and for that purpose Kinney did then remove the property from where it was to his, Kinney's, premises, with the assent of Linton. Kinney did not notify Linton that he had taken the property for the plaintiff, nor make any demand on him for the amount owing towards the property, nor did Linton know that it was removed to the premises of Kinney for any other purpose than to be used by him there. The purchase price had never been paid, but it did not appear whether it was due when Kinney took possession. While the property was so on the premises of Kinney, it was attached by a creditor of Linton, and the defendant in this suit claimed to hold it in virtue of that attachment. Upon these facts the court rendered judgment for the return of the property, to which the plaintiff excepted.

*Heath & Fay*, for the plaintiff.

The unrecorded lien was good as between the parties, and in virtue of it the plaintiff might at any time possess himself of the property. *Burnham* v. *Marshall*, 56 Vt. 365 ; *Moline Plow*

Moses *v.* Rogers.

*Co.* v. *Braden*, 71 Ia. 141; *Kelsey* v. *Kendall*, 48 Vt. 24;
*Bugbee* v. *Stevens* and *Bagley*, 53 Vt. 389; *McPhail* v. *Gerry*,
55 Vt. 174; *Warner* v. *Johnson*, 52 Ia. 70; *Applewhite et al.*
v. *Harrell Mill Co.*, 5 S. W. Rep. 292.

The plaintiff had actually taken possession by his agent, hence
his title was complete.

*J. P. Lamson*, for the defendant.

The plaintiff, to get possession of the property, must proceed
under the statute, Acts 1884, No. 93, s. 5.

Not having so proceeded, he has no legal possession.

The opinion of the court was delivered by

TAFT, J. We think the replevied property was in possession
of the plaintiff. He had sold it conditionally to Linton. It is
conceded that, in respect of time, he had the right to retake it
for non-compliance with the conditions of the sale. Kinney
took possession of it for the plaintiff, and removed it to his, Kin-
ney's, premises, and in its use by him while there, employed Lin-
ton among others. It is not shown that Linton had possession
of the premises nor of the property; it does not appear that he
was on the premises at the time of the attachment. It is argued
that the plaintiff could not take the property from Linton with-
out openly telling him of his purpose and intent. In law the
title and right of possession of the property was in the plaintiff,
and it could make no difference to a third party by what means
nor in what manner he asserted his right to it. *Child* v. *Allen*,
33 Vt. 476. Nor whether he had made demand for what
was due him, nor for the property itself. *Roberts* v. *Hunt*, 61
Vt. 612, is not in point; that case holds that a conditional ven-
dee has the right to possession for thirty days after condition
broken, a question which does not arise in this case. Neither
does the question arise here as to the manner of settling any of
the rights between the vendor and vendee subsequent to the tak-
ing possession of the property by the vendor.

*Judgment reversed, and judgment for the plaintiff, with one
cent damages and costs.*