## H. L. SMITH *v.* ISRAEL WOOD, APT.

*Conditional sale.    Vendee entitled to possession.    Trover.*

A conditional vendee is entitled to the possession of the chattel until taken and sold by a public officer under No. 93, Acts of 1884, and may maintain trover against the vendor who takes and sells the same at private sale.

Trover for the conversion of a meat cart.    Plea, the general issue.    Trial by court at the September term, 1890, Munson, J., presiding.    Judgment for the defendant.

The plaintiff excepts.

The defendant sold the plaintiff a meat cart for the sum of $45, $15 cash and the balance in a note secured by a vendor's lien.    More than thirty days after the note fell due, no part of it having been paid, the defendant took and sold the cart at private sale without the knowledge or consent of the defendant. The lien reserved was in the following words:

"Barre, April 14, 1888.

For value received I promise to pay Israel Wood or order thirty dollars on demand with interest annually.

H. L. SMITH.

The above note is given for one meat cart bought of said Wood by said Smith, the cart to be and remain the property of said Wood until this note is fully paid.

H. L. SMITH."

*T. R. Gordon,* for the plaintiff.

The defendant had no right to take possession of this property other than through a public officer in accordance with the provisions of No. 93, Acts of 1884.    *Roberts* v. *Hunt,* 61 Vt. 612; *Calkins* v. *Clement,* 54 Vt. 635.

Trover is the appropriate remedy, since the plaintiff had a special property in the chattel coupled with a right of possession. *Roberts* v. *Hunt,* 61 Vt. 612; *Hurd* v. *Fleming,* 34 Vt. 169; *Lamb* v. *Clark,* 30 Vt. 347.

*John G. Wing,* for the defendant.

The defendant had the right of possession, hence this form of action cannot be maintained. *Martin* v. *Eames,* 26 Vt. 476; *Bunnell* v. *Marvin,* 44 Vt. 277; *Bradley* v. *Arnold,* 16 Vt. 382; *Child* v. *Benton & Allen,* 33 Vt. 476; *Buckmaster* v. *Smith,* 22 Vt. 203; *Blodgett* v. *Blodgett,* 48 Vt. 32; *West* v. *Bolton,* 4 Vt. 558; *Smith* v. *Foster,* 18 Vt. 182; *Moses* v. *Rogers,* 19 At. R. 118; *Bradley* v. *Redmond,* 42 Iowa 452; *Jefferson* v. *Barker,* 1 Bradw. 568; *Murray* v. *Erskine,* 109 Mass. 597; *London et al.* v. *Edmons,* 97 Mass. 37, and cases therein cited; Jones Ch. Mort. S. 699, and following; *Swift* v. *Mosely,* 10 Vt. 208; *Hurd* v. *Fleming,* 34 Vt. 169. In *Roberts* v. *Hunt,* the thirty days had not run.

The opinion of the court was delivered by

START, J. A conditional vendee of a chattel has a special property therein until it is sold at public auction in the manner provided by No. 93, Acts of 1884. He is entitled to the possession of the chattel until it is taken by a public officer for the purpose of such sale, and may maintain an action of trover against a conditional vendor who takes and sells the property contrary to the provisions of that act. *Roberts* v. *Hunt,* 61 Vt. 612; *Calkins* v. *Clement,* 54 Vt. 635.

In *Roberts* v. *Hunt, supra,* it was held, that the remedy given by No. 93, Acts of 1884, must be followed; that this is the vendor's only remedy at law; that a conditional vendee of a chattel has a special property therein, coupled with a right of possession for thirty days after breach of condition; and that he may maintain trespass or trover against a vendor who takes and

sells a chattel at private sale. It necessarily follows from this construction, that the vendee's special property in the chattel continues until it is sold at public auction in the manner provided in that act; and that he is entitled to its possession until it is taken by a public officer for the purpose of such sale. The cart in question was not taken by a public officer or sold at public auction, but was sold by the defendant at private sale.

We hold, that the plaintiff had a special property in the cart at the time of the sale, coupled with a right of possession until such time as the same should be taken from him by a public officer, for the purpose of selling the same as is provided in No. 93, Acts of 1884; that the sale by the defendant was wrongful; and that the action of trover is an appropriate remedy.

As the damages were not ascertained in the court below, the case must be remanded.

*Judgment reversed and cause remanded.*