WARREN C. FRENCH v. W. A. OSMER.

JANUARY TERM, 1895.

*Conditional sale. Remedies of vendor. Act No. 93, Acts of 1884.*

1. No. 93, Acts of 1884, providing that in case of the conditional sale of personal property the vendee may, after thirty days from condition' broken, cause the property to be sold at public auction by a public officer, does not alter the nature of the vendor's title in the property, and he may still pursue any remedy in respect to the property as before the passage of that act except that in taking and selling it he must follow the statute.

2. So the vendor may maintain an action on the case against the bailee of the vendee for an injury to the property after thirty days from condition broken.

3. That the bailee has settled with the vendee for such damage is immaterial.

4. *Roberts* v. *Hunt*, 61 Vt. 612, and *Smith* v. *Wood*, 63 Vt. 534, explained.

Case for the negligence of the defendant. Plea, the general issue. Trial by court at the February term, 1893,

THOMPSON, J., presiding. Upon the ·facts found the court gave judgment for the plaintiff. The defendant excepts.

The plaintiff claimed to recover for damages to his buggy wagon occasioned by the negligence of the defendant.

June 25, 1891, the plaintiff sold the wagon in question to one Caswell, and took his note therefor, payable on demand. The note was ·secured by a vendor's lien upon the wagon, which was duly recorded. In March, 1892, the wagon being in the possession of Caswell, his wife loaned it to the defendant, and while the defendant was using it the wagon was damaged. The plaintiff claimed that this damage was occasioned by the negligence of the defendant in the management of his horse, and the court so found.

Caswell, at the time the wagon was injured, was indebted to the defendant in a considerable sum, and it was agreed between them that the amount of the damages to the wagon was five dollars, and that the defendant should credit Caswell with this amount. The defendant had never paid the amount of the damages, unless this was a payment. The plaintiff knew nothing of this arrangement, and never consented to it.

*Norman Paul* for the defendant.

No. 93, Acts of 1884, essentially changes the relation of the parties in case of a vendor's lien. Since the passage of that act the vendor's only remedy at law is to proceed by sale of the property under the statute. *Roberts* v. *Hunt*, 61 Vt. 612; *Smith* v. *Wood*, 63 Vt. 534.

When a statute provides a new remedy, that supercedes all others. *Calkins* v. *Clement*, 54 Vt. 635; *Brattleboro* v. *Wait*, 44 Vt. 459; *Spaulding* v. *Barnes*, 4 Gray 330.

*French & Southgate* for the plaintiff.

The title to this property continued in the plaintiff. *Church, Admr.,* v. *McLeod*, 58 Vt. 541.

Since the plaintiff was the general owner of the property, he might maintain an action on the case against the defendant for its injury. Chit., Pl., 71, 147, 167, 191, 195; *Higgins* v. *Farnsworth*, 48 Vt. 512.

ROWELL, J. This case has been twice argued and much considered, and this is the first time we have been able to dispose of it. The question is, whether the vendor of personal property sold conditionally with a lien reserved thereon seasonably recorded can maintain an action on the case against the purchaser's bailee thereof for injuring the same after thirty days from the time of condition broken. To decide this question it is necessary to determine the nature and extent of the interest that such a vendor has in the property. Before any legislation on the subject this was not doubtful, for the court had repeatedly held that full payment of the price was a condition precedent to the vesting of title in the vendee, and that until such payment the vendor was the sole owner of the property, with an absolute right of possession on condition broken, the vendee not having even an attachable interest therein, and the vendor having a right to recover the full value thereof for a conversion. In 1854 an act was passed whereby the vendee's creditors could attach the property and discharge the vendor's claim thereon by payment; but this act did not otherwise affect the vendor's rights. Subsequently statutes were passed that such sales should not be valid against attaching creditors and purchasers without notice unless the vendor took a written memorandum thereof, and caused it to be recorded in the town clerk's office within a certain time. But the contract was valid between the parties without such memorandum. Thus the law stood when the act of 1884 was passed. That act relates to the removal of the property from the state, to the discharge of the lien thereon, and to the sale thereof by the vendor, and provides, among other things, that after thirty days from the time of condition broken, the ven-

dor may cause the property to be taken and sold at public auction by a public officer as therein prescribed. It is claimed that this statute alters the title that the vendor theretofore had to the property, and makes him a mere security-holder, standing as he would if he held a statutory chattel mortgage; that the interest of the vendee is that of ownership, modified only by the vendor's right to realize his claim from the property in the manner provided by the statute; that this court has held as much in *Roberts* v. *Hunt*, 61 Vt. 612, and *Smith* v. *Wood*, 63 Vt. 534; and that therefore this action could not be maintained against the vendee, and consequently not against the defendant, his bailee. But a majority of the court think that this is not the effect of the statute. The provision under consideration relates to nothing but a sale of the property. If the vendor wishes to sell, he must proceed according to the statute instead of according to the common law, as he could before. This is the scope of the cases referred to, in both of which the vendors took and sold the property contrary to the statute, for which they were held liable. What is said in those cases about a remedy under the statute being the only remedy the vendor has, must be taken to mean the only remedy he has for selling the property, and not that he has no other remedy for any purpose. *Roberts* v. *Hunt* expressly recognizes that he is still the general owner, but with a special property in the vendee, coupled with a right of possession for thirty days after condition broken. But that special property does not take the title out of the vendor and put it into the vendee, and relegate the vendor to the position of a mere security-holder, for that would do violence to the contract, which provides that the title shall not pass till the price is fully paid, and the contract must be given effect. In law the contract is, as Mr. Justice Bradley puts it in *Harkness* v. *Russell*, 118 U. S. 666, a mere agreement to sell on a condition to be performed, and

not an absolute sale with the reservation of a lien or mortgage to secure the purchase money.

In *Ballard* v. *Burgett*, 40 N. Y. 314, Grover, J., styles such an agreement an executory contract that the title shall pass on the happening of the stipulated event, namely, payment of the price. Mr. Story distinguishes it from a purely executory contract in this, that an executory contract is absolutely to sell at a future time, while a conditional contract is conditionally to sell. In the one case, he says, the performance of the contract is suspended, and deferred to a future time; in the other, the very existence and performance of the contract depends upon a contingency. Story, Cont. s. 246. But however this is put, it is considered by the majority that the vendor's title is precisely the same in legal nature that it was before the passage of the statute, and that the remedies adapted to the enforcement of his rights remain to him the same as before, except so far as they are superceded by the statute, and that they are not thus superceded to the extent of taking away the remedy here resorted to, if such a remedy ever existed, of which there can be little doubt. In Massachusetts a conditional vendee is called a bailee for a specific purpose, and only a bailee; *Coggill* v. *Hartford & New Haven R. R. Co.* 3 Gray 547; and is allowed to recover the full value of the property for a conversion after the vendor's right of possession has attached, on the ground that he stands in the position of a bailee answerable over. *Harrington* v. *Russell*, 121 Mass. 269. Although the vendee may not be strictly a bailee, we think he is properly classed as standing in the position of a bailee, which places the vendor in the position of a bailor. Standing thus, each can maintain all the rights that the law has thus far accorded to them, and their position is fairly well defined.

At the time in question the wagon was rightfully in the possession of the vendee, and no question is made but that

the plaintiff's interest therein was then reversionary if he is not regarded as a mere security-holder, as claimed; and it is clear that for injury to such an interest an action on the case is the proper remedy, both against a bailee and against third persons.

The defendant's paying to the vendee by crediting him on account the amount they agreed upon as damages, does not bind the plaintiff, for that was a disposition of the plaintiff's property without his consent for the benefit of the vendee, which the latter had no authority to make.

*Judgment affirmed.*