[No. 10650. Department Two. December 12, 1912.]

UNITED IRON WORKS, *Appellant*, v. HURLEY MASON COMPANY, *Respondent*.[1]

DAMAGES—INJURY TO PROPERTY—EVIDENCE—SUFFICIENCY. It is error to grant a nonsuit in an action for damages to property, where it appears that defendant wrongfully took possession of new machinery without the consent of a conditional sales vendee, after being informed of plaintiff's title, and afterwards delivered it to the plaintiff in a worn out condition by reason of abuse and use; and it is not necessary that plaintiff show the exact damages alleged in the complaint.

[1]Reported in 128 Pac. 209.

ACTIONS—CONDITIONS PRECEDENT—DEMAND. Demand is not a condition precedent to an action for damages to property wrongfully taken without the consent of the owner.

EVIDENCE—PAROL EVIDENCE—OWNERSHIP OF PERSONAL PROPERTY. Title to personal property may be shown by parol evidence.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered May 24, 1912, dismissing an action in tort, on granting a nonsuit. Reversed.

*Revelle, Revelle & Revelle*, for appellant.

*T. L. Stiles*, for respondent.

FULLERTON, J.—The appellant brought this action against the respondent to recover damages for an injury to certain of its machinery caused by the wrongful use thereof on the part of the respondent. In its complaint, the appellant alleged ownership of the property, its wrongful taking and use by the appellant, injury and damage to the property by such wrongful use in the sum of $1,676, and a demand on the respondent by the appellant for such damage. The answer was a general denial. At the trial, which was being had before the court without a jury, the court, at the conclusion of the appellant's case in chief, sustained a motion for a nonsuit, and entered a judgment dismissing the action. This appeal followed.

The record discloses that the respondent entered into a contract with the Northern Pacific Railway Company to do certain work in the construction of its railroad between Tenino and Kalama, and sublet certain concrete work, which it was required to perform at the crossing of Toutle river, in Cowlitz county, to one Ackerman; that Ackerman, preparatory to performing the work, contracted to purchase from the appellant, under a conditional bill of sale, the machinery in question here, which consisted of two hoisting engines and one concrete mixer; and that the machinery was contracted for in May, 1910, and shipped to Ackerman at his place of work on Toutle river during the same month, where

it was set up by him and made ready for the work required of it. Later on, and before the machinery had been used by Ackerman (July 9, 1910), the respondent, conceiving that Ackerman was not performing his contract according to its conditions, canceled the contract, and according to Ackerman's testimony, took possession of his outfit, including the machinery here in question, after he had made known to it that such machinery was the property of the appellant. Ackerman further testified that in February, 1911, he saw the property in the possession of the respondent in its warehouse at Tacoma; that it was then in a badly damaged condition, the engines showing that they had "had bad handling; the valves were worn, that is, were gone; the drums cut through practically by excessive wear of the wire rope; covered with mud showing hard usage;" and that the concrete mixer "had a lot of it gone, some of the castings were broken; badly damaged." That when the machinery was taken from him by the respondent it was of the value of $2,640, whereas when he saw it in Tacoma it was not worth to exceed $800. An officer of the appellant also testified to the return of the property to the appellant in the summer of 1911, and to the value of the property when so returned; stating that its value at that time was about one thousand dollars. The last mentioned witness also testified to the condition of the property. He said that the engines had been "practically stripped of their fittings, some of the fittings being entirely missing; the pipe, considerable of it was missing; one engine in particular showed very hard usage and .abuse, as shown in the cutting of the drums by the wire ropes. . . . . The concrete mixer had some castings broken off it, and the skids were damaged, and it showed use and abuse." The witness also testified that he had demanded an adjustment of the damages from the respondent.

The respondent, in its brief, contends that the appellant under the issues made by its complaint and the answer of the respondent thereto, undertook to support four propo-

sitions, namely: (1) That respondent wrongfully took possession of property belonging to the appellant; (2) that respondent, against appellant's will, held the property in its possession and used it for a long period of time; (3) that the respondent injured and damaged the property to the extent of $1,676; and (4) that appellant had demanded pay for the damage and had been refused; and argues that the proofs failed upon each of these propositions. But without again rehearsing the evidence, it seems to us that there was substantial evidence tending to establish each of them. As to the first, the fact that possession was taken by the respondent was not only directly testified to by Ackerman, but the property was afterwards found in the respondent's possession by the appellant and delivered by the respondent directly to the appellant. That it was wrongfully taken is evidenced by the fact that the respondent took it over against the will of Ackerman, to whom it had been intrusted, without the permission of the appellant, after the respondent had been made acquainted with the appellant's interest therein. That the respondent used it is made evident by the condition of the property when it was returned to the appellant; the property being new when the appellant received it, and returned in a worn and damaged condition. As to the third proposition, it was not necessary to a recovery that the appellant prove damage to the property in the exact sum named in the complaint. To prove substantial damages, whether the amount be less or more than that alleged in the complaint, was a compliance with the burden the appellant assumed in this regard. True, the respondent says that there was no evidence that it damaged the property. But the record shows that the respondent took the property when it was new and turned it back after it had been substantially worn out by abuse and use. Clearly the burden was on it to account for this change of condition; and, unless it so accounted, it could properly be held liable for the loss caused thereby. There was direct evidence

in the record that a demand had been made upon the respondent at two different times for an adjustment of the damages claimed. But were the fact otherwise, it would not be fatal to the action. After having shown that the property was taken possession of by the respondent without its consent, demand for the damages caused the property while in possession of the respondent was not a condition precedent to the right to maintain an action for such damages.

We have not overlooked the claim of the respondent that the appellant failed to show title in itself in the property. But appellant's ownership thereof was testified to not only by the appellant's representative, but by Ackerman himself. This was sufficient. Title to personal property in this state is not a matter of record, and can be shown by parol.

There was substantial evidence on all of the issues, and the trial court erred in refusing to give it effect and in failing to put the respondent upon their proofs. The judgment appealed from is reversed, and the cause remanded for a new trial.

MOUNT, C. J., MORRIS, MAIN, and ELLIS, JJ., concur.