[No. 13007.   Department Two.   May 9, 1916.]

NORTHWESTERN EQUIPMENT COMPANY, *Appellant*, v. ELMER
SOFE *et al.*, *Respondents*.[1]

DAMAGES—EVIDENCE—SUFFICIENCY—NOMINAL DAMAGES.   In an ac-
tion for damages to a new concrete mixer, except the boiler and cer-
tain parts that were placed in a warehouse, evidence of the differ-
ence between the market value of the machine including the parts
in the warehouse at the time it was taken, and its market value
when returned, is insufficient to show the damage, or to entitle plain-
tiff to more than nominal damages, there being no evidence of the
value as it stood at the time it was taken without the parts stored
in the warehouse, or of the value of such parts, from which the
damages might be ascertained.

Appeal by plaintiff from a judgment of the superior court
for King county, Mitchell, J., entered January 15, 1915, in
favor of the plaintiff for nominal damages, in an action in
tort, tried to the court.   Affirmed.

*Ellis de Bruler*, for appellant.
*Sullivan & Christian*, for respondents.

MAIN, J.—The purpose of this action was to recover dam-
ages which were alleged to have been caused by the defend-
ants to a concrete mixing machine.   The cause was tried to
the court without a jury.   At the conclusion of the plain-
tiff's evidence, as to part of the defendants, a motion was
made that the cause be dismissed, except with nominal dam-
ages; as to the others, a motion was made for a judgment
of dismissal and nonsuit without reference to nominal dam-
ages.   The trial court thereupon dismissed the cause as to
the defendant McConaghy, and entered a judgment for $1
against all other defendants.   From this judgment, the
plaintiff appeals.

The facts are these:   On May 4, 1911, and for some time
prior thereto, the appellant was engaged in the business of

[1]Reported in 157 Pac. 459.

selling machinery, at Seattle, Washington.  The machinery which it kept on hand for sale was ordinarily stored in the warehouse of the Globe Transfer Company at 530 First avenue south, in that city.  On or about the date mentioned, the appellant received one new concrete mixer, which it caused to be placed on a lot on the west side of First avenue south, near Holgate street.  The boiler and certain parts of the engine were placed in the warehouse.  The mixer remained in the location where it had been placed until about September 20, 1913.  On this date it was removed therefrom by McConaghy, who was engaged in the transfer business, and who, in removing the machine, was acting under the direction of the defendant Sofe, who assumed to be the owner.  Sofe claimed to have purchased the machine from one Murphy.  Thereafter, after being transferred to the defendant Levine, it was sold by Levine to the defendants Waterman, McHugh, and Creelman.  These parties removed the machine to Sedro Woolley, where for a period of about seven months they used it in mixing concrete.

The appellant, after discovering that the machine had been removed from its location, instituted a search for the same, and finally found it in possession of Waterman, McHugh, and Creelman at Sedro Woolley.  Thereupon demand was made for its return.  This demand was complied with by the return of the machine to the appellant.

Upon the trial, the evidence introduced on behalf of the appellant showed that the market value of the machine at the time it was taken, including the parts which were in the warehouse, other than the boiler, was $1,250; and that its market value at the time of its return was $450.  There is no evidence of the market value of the machine as it stood at the time it was taken, without the parts which had been removed from the engine and stored in the warehouse.  Neither is there any evidence of the market value of these parts.  Without evidence as to the market value of the machine as it stood at the time it was taken, or evidence of the

market value of the parts in the warehouse, from which it could be mathematically determined what the value of the machine was, the amount of damages which the appellant would be entitled to cannot be ascertained, unless the parts which were in the warehouse were of no value. The evidence fails to show that such parts were of no substantial value, but rather affirmatively shows the contrary.

The local agent, while testifying in the case, was asked what the market value of the machine alone was as it stood at the time it was taken, without the parts which were in the warehouse, and replied: "I cannot tell you off-hand." The evidence not being sufficient to enable the court to measure the damage which the appellant was entitled to, it would have a right to a judgment for nominal damages only.

Reference has been made to the case of *United Iron Works° v. Hurley Mason Co.*, 71 Wash. 275, 128 Pac. 209. But that case is distinguishable from this. In that case the evidence showed the market value of the machinery at the time it was taken, and the market value at the time it was returned, from which evidence the amount of the damages could be measured. While in this case, as already stated, from the evidence in the record, the amount of the damages could not be ascertained. The facts in this case, as presented in the record, show no cause which would justify a reversal of the judgment.

The judgment will therefore be affirmed.

HOLCOMB, PARKER, and BAUSMAN, JJ., concur.