## UNITED STATES v. ONE BUICK AUTOMOBILE.

### In re CHAMPLAIN MOTORS CO.

District Court, D. Vermont. September 6, 1927.

1. Sales ⬅467—"Conditional sale" vests purchaser with a special property and right of possession until default (G. L. Vt. 2833).

Under G. L. Vt. 2833, "conditional sale" vests the purchaser with a special property and right of possession until default.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

2. Searches and seizures ⬅7(26)—Constitutional provision against unreasonable searches and seizures is not applicable to persons not in possession and without right thereto (Const. Amend. 4).

The Fourth Amendment, forbidding unreasonable searches and seizures, does not protect persons not in possession and who have no right to possession of the property illegally searched or seized.

**3. Customs duties ⊜133(4)—Evidence ⊜ 222(1)—User of automobile in smuggling, who had property interest in it, was party to forfeiture suit, and car affected by his acts and admissions.**

One who used, in smuggling, a car in which she had a property interest, is in law a party to a suit for its forfeiture, and it is affected by her acts and admissions.

Forfeiture Libel Proceeding by the United States against one Buick automobile; the Champlain Motors Company, claimant. On claimant's motion to set aside verdict. Denied.

Harry B. Amey, U. S. Atty., of Burlington, Vt., for libelant.

Horace H. Powers, of St. Albans, Vt., for claimant.

HOWE, District Judge. This is an information for the forfeiture of an automobile in which intoxicating liquor was smuggled into the United States from the Dominion of Canada, on the 23d day of September, 1925, by Mrs. Edith M. Belmont.

While Mrs. Belmont was driving the car containing the liquor along the public highway at Berkshire, in the District of Vermont, two United States deputy collectors of customs, without having a search warrant and without having any reasonable cause to believe that the car contained any smuggled merchandise or that the occupants were committing any offense against the laws of the United States, stopped and searched the car, and found 60 quarts and 168 pint bottles of champagne therein, which had just been smuggled over the boundary line in said car by Mrs. Belmont, who was then driving rapidly away from the boundary in a southerly direction. Upon finding the liquor, the customs officers seized it and the car as forfeited to the government, and arrested Mrs. Belmont for smuggling.

[1] The claimant, on the 26th day of August, 1925, conditionally sold and delivered the automobile to Mrs. Edith M. and George W. Belmont, reserving a conditional vendor's lien thereon for $382.50, a part of the purchase price, in accordance with sections 2830–2839, Gen. Laws Vt. By the law of Vermont, at the time the car was seized, on the 23d day of September, the Belmonts had a special property in it, and were entitled to its possession, even against the vendor, until thirty days after default in payment, and after that until it should be seized by a public officer to be sold at public auction to pay the vendor. Section 2833, supra; Roberts v. Hunt, 61 Vt. 612, 17 A. 1006; Smith v. Wood, 63 Vt. 534, 22 A. 575.

[2] The search and seizure of the car was unconstitutional as against Mrs. Belmont. It was not unconstitutional as against the claimant, notwithstanding it was the general owner of the car, for it had parted with its right of possession. Roberts v. Hunt; Smith v. Wood, supra. The Fourth Amendment forbidding unreasonable searches and seizures does not apply to persons who are not in possession and have no right to possession of the property illegally searched or seized. Simmons v. United States (C. C. A.) 18 F. (2d) 85, 86; Hadly v. United States (C. C. A.) 18 F.(2d) 507, 508; Nelson v. United States (C. C. A.) 18 F.(2d) 522, 524; United States v. Mandel (D. C.) 17 F.(2d) 270, 272; United States v. Gass (D. C.) 17 F.(2d) 996; Armstrong v. United States (C. C. A.) 16 F.(2d) 62, 65; Rosenberg v. United States (C. C. A.) 15 F.(2d) 179, 180; Graham v. United States (C. C. A.) 15 F.(2d) 740, 742; Cantrell v. United States, Hunnicut v. United States (C. C. A.) 15 F. (2d) 953, 954; United States v. Gass (D. C.) 14 F.(2d) 229, 230; Brooks v. United States (C. C. A.) 8 F.(2d) 593, 594; Lewis v. United States (C. C. A.) 6 F.(2d) 222, 223; Guckenheimer v. United States (C. C. A.) 3 F.(2d) 786, 789; Goldberg v. United States (C. C. A.) 297 F. 98, 101; Remus v. United States (C. C. A.) 291 F. 501, 510; Chicco v. United States (C. C. A.) 284 F. 434, 436; Haywood v. United States (C. C. A.) 268 F. 795, 803; United States v. Silverthorn (D. C.) 265 F. 853, 857. Mrs. Belmont's possession of the car was lawful, and the claimant's general ownership therein is not protected against a forfeiture for smuggling, notwithstanding its innocence. It is the car which commits the offense, in such circumstances. Here the claimant stands like a mortgagee of property which, while rightfully in the mortgagor's possession, is used by him in smuggling. Goldsmith-Grant v. United States, 254 U. S. 505, 510, 41 S. Ct. 189, 65 L. Ed. 576.

[3] Although Mrs. Belmont did not actually appear and make herself a party, she had a property interest in the car, and that made her in law a party to the libel. The Mary, 9 Cranch (13 U. S.) 125, 144, 3 L. Ed. 678; Dupasseur v. Rochereau, 21 Wall. 130, 136, 22 L. Ed. 588. A car, as a car, cannot smuggle or forfeit itself. This requires an act of a person. Boyd v. United States, 116 U. S. 616, 637, 6 S. Ct. 524, 29 L. Ed. 746. Here the car acted and spoke by Mrs. Belmont, as in Dobbins Distillery v. United States, 96 U. S. 395, 402, 24 L. Ed. 637, it is held a ship acts and speaks by its master. The car is

affected by what she did in smuggling the liquor, what she said to the customs officers on that occasion, and by her plea of guilty to the indictment charging her with smuggling this particular liquor in this particular car. These were her admissions. The hearsay rule does not apply, for the seizure of the car did not abrogate the conditional sale by the claimant to Mrs. Belmont. Between them, her right to the car remained the same, and what she said against it, while she had a special property in it, and not only actual possession but right of possession, was evidence against it, notwithstanding the claimant was the general owner. However, this rule of evidence is unimportant here, for the claimant did not defend on the theory that the car was not used in smuggling.

Motion for a new trial denied. Let judgment be entered on the verdict, but without costs.