MARK LOVERIN *v.* C. E. WEDGE.

May Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed May 18, 1929.

140

*Leon E. Ellsworth* and *Helen L. Anair* for the plaintiff.

*Benjamin N. Hulburd* for the defendant.

MOULTON, J. This is an action to recover for the alleged conversion of a Cadillac automobile. Trial was by jury, and at the close of all the evidence, the plaintiff moved for a directed verdict. The motion was overruled, and thereupon the defendant moved for a directed verdict. This motion was granted to which the plaintiff excepted.

The following appeared in evidence: The plaintiff owned a Dodge automobile which he exchanged with the Flanders Motor Company of Rutland for a Cadillac automobile. He paid $40 in cash and signed a conditional sale agreement and gave a note for $161.60 for the balance. He signed the agreement and

note with the fictitious name of "Charlie Lange" and falsely represented his address to be Burlington, and his employment to be with the Central Vermont Railway.

A day or two after the exchange, and long before the note became due, the Motor Company took the Cadillac from the plaintiff's possession and placed it in the defendant's garage. Later on the defendant purchased it from the Motor Company, and, after using it for a time, sold it. The Motor Company has never returned, or offered to return, the Dodge automobile, the $40, or the conditional sale contract and note, although, so far as appears, this property was, and still is, in its possession. Shortly after the maturity of the note, and before the commencement of this suit, the plaintiff, through his attorney, tendered the amount due to the Motor Company, but it was not accepted. No indorsement or transfer of the note and contract to the defendant appeared, or was claimed. No proceedings were taken for the foreclosure of the conditional sale, as provided by statute.

The grounds of the defendant's motion for a verdict come down to this—that the plaintiff procured the Cadillac automobile from the Motor Company by means of fraudulent representations and consequently obtained no title or right to possession, and that the Company upon discovery of the fraud had the right to retake the property; that the defendant was a *bona fide* purchaser, and obtained good title by his purchase from the Motor Company; and that since no demand was made upon him by the plaintiff, the action does not lie.

That there was fraud on the part of the plaintiff was conceded by his counsel during the trial. But even so, the contract so induced was voidable only, not void (*Norton* v. *Gleason*, 61 Vt. 474, 478, 18 Atl. 45; *Whitcomb* v. *Denio*, 52 Vt. 382, 388), and while the seller undoubtedly had the right to rescind, it could only exercise that right by restoring, or offering to restore, what it had received. *Norton* v. *Gleason, supra*, p. 480 of 61 Vt. (18 Atl. 45). As we have seen, this was not done. There was therefore no rescission. The Motor Company could not keep the Dodge car, the money, and the note and agreement, and also take back the Cadillac.

It is true that in *Hodgeden* v. *Hubbard*, 18 Vt. 504, 507, 46 A. D. 167, it was said that where a sale of personal property is induced by fraudulent representations, no right of property or

possession passes as against the defrauded vendor. But this doctrine is not in accord with subsequent decisions of this Court, which, as we have seen, hold that such a transaction is voidable and not void (*Norton* v. *Gleason, supra; Whitcomb* v. *Denio, supra*), and, so far as this question is concerned, *Hodgeden* v. *Hubbard,* is not to be regarded as stating the law.

By the conditional sale agreement, title to the Cadillac was reserved in the Motor Company until the note should be paid. This left the general property in the vendor, subject to be divested by the performance of the condition. *Armington* v. *Houston,* 38 Vt. 448, 450, 91 A. D. 366. But the vendee had a special property therein coupled with a right of possession for 30 days after breach of condition, under the provisions of the statute, now G. L. 2833. *Roberts* v. *Hunt,* 61 Vt. 612, 615, 17 Atl. 1006; *Smith* v. *Wood,* 63 Vt. 534, 535, 22 Atl. 575. The consideration for the vendee's promise to pay was the use, possession, and enjoyment of the property with the right to acquire the absolute title upon payment of the stipulated price. *LeValley* v. *Ravenna,* 78 Vt. 152, 155, 62 Atl. 47, 2 L. R. A. (N. S.) 97, 112 A. S. R. 898, 6 Ann. Cas. 684. Even after condition was broken the vendor could take and sell the property only in the manner prescribed by the statute, and if he proceeded otherwise, he would be liable to the vendee as for a conversion. *Smith* v. *Wood, supra; French* v. *Osmer,* 67 Vt. 427, 430, 32 Atl. 254; *Clark* v. *Clement,* 75 Vt. 417, 420, 56 Atl. 94.

It is apparent, therefore, that the repossessing of the automobile by the Flanders Motor Company did not revest the title in it. The defendant took no greater right or title than the Flanders Motor Company had. Of course, a conditional vendor can sell his interest in the property and the contract subject to the rights of the vendee, which he does not disturb, the same as one may in like manner sell his interest in any other property. *Nye* v. *Daniels,* 75 Vt. 81, 84, 53 Atl. 150. But the vendor in this case did more than that; it assumed to transfer the complete title and right to possession to the defendant. The latter, by exercising dominion over the car, and by selling it and delivering it to his vendee, was guilty of a conversion, and the fact that he acted in good faith has nothing to do with it. *Morrill* v. *Moulton,* 40 Vt. 242, 244-245. The special property of the plaintiff, which is a legal right, could not

be thus divested, and is sufficient to enable him to maintain this action. *Roberts* v. *Hunt, supra; Smith* v. *Wood, supra.*

The absence of a demand does not affect the situation. There is no necessity of proof of a demand and refusal for the purpose of establishing a conversion, when the conversion is otherwise established, as it is here by the sale by the defendant. *Bean* v. *Colton,* 99 Vt. 45, 50, 130 Atl. 580; *Lathrop* v. *Lawson,* 96 Vt. 513, 516, 121 Atl. 438; *Crampton* v. *Valido Marble Company,* 60 Vt. 291, 302, 15 Atl. 153, 1 L. R. A. 120; *Morrill* v. *Moulton, supra.* If demand had been made, it would have added nothing to defendant's liability, since, by selling the car, he had put it out of his possession and power to deliver. *Lathrop* v. *Lawson, supra; Buck* v. *Ashley,* 37 Vt. 475, 478. On the evidence it was error to direct a verdict for the defendant.

The record fails to show an exception to the overruling of the plaintiff's motion for a verdict, so the point is not for consideration.

*Judgment reversed, and cause remanded.*