Rollins, J.
The plaintiff brings this action of tort to recover for damage alleged to have been caused to a Packard automobile by the negligence of Bruce C. Soderholm who, as agent of the defendant, was operating a truck owned by the defendant.
Soderholm while driving the truck on September 5, 1940, on Temple Street, a public way in Whitman, collided with the Packard automobile then driven by Vincent Georges. There was evidence to show, and the Court found, that the accident and the resulting damage to the Packard car was caused by the concurrent negligence of the defendant and Vincent Georges.
The Court on the evidence found the damage to the Packard was in the amount of $450.00.
*93 It was agreed between the parties in open Court that on the date of the accident the plaintiff was the conditional sales vendor of the Packard car under “a conditional sales lease” in the usual form; that Georges was the conditional sales vendee; that Georges was in default on that instrument, but that the plaintiff had not repossessed itself of the automobile.
The evidence showed that Georges was operating the car on business of his own and was not the agent or servant of the plaintiff in driving the automobile. Unless such can be imputed to the plaintiff from Georges as a matter of law from these facts, the plaintiff was free from negligence.
The Court, at the plaintiff’s request, granted the following two requests for rulings of law which are the only ones requested and granted which are material to the questions presented:
(1) There is evidence to warrant a finding for the plaintiff. (2) The evidence warrants a finding for the plaintiff.
The Court denied the following of the planitiff’s requests for rulings of law;
(6) As owner of the legal title of the automobile operated by Vincent Georges, the plaintiff is entitled to recover for the damage caused said automobile by the negligence of the defendant or its agent. (7) The plaintiff is entitled to maintain this action even though the accident was caused by the concurrent negligence of the defendant or its agent and that of Vincent Georges. (8) The negligence of Vincent Georges, if any existed, is not imputable to the plaintiff.
The Court found for the defendant and made the following special findings of fact:
*94 “I find that the operators of both cars were negligent. It was agreed in open Court that the plaintiff was the conditional vendor of the car and that Georges was the conditional vendee, and that he was in default on payments-on this instrument but that the plaintiff had not repossessed the car. Under these facts the sole question of law is as to whether the doctrine of Nash v. Lang applies. I rule it does not. The damage to the car was $450.00. The amount owed by Georges to the plaintiff on the conditional sales lease in default at the time of the accident was $682.43.”
The plaintiff claiming to be aggrieved by the rulings refused as aforesaid and the ruling that the doctrine of Nash v. Lang, 268 Mass. 407, does not apply to permit the plaintiff to maintain this action, the case is reported to this Appellate Division for determination. Nash v. Lang held that the bailor of an automobile could recover from a third person, damages to the automobile caused by the concurring negligence of the third person and of the bailee, and that the negligence of the bailee did not bar this right of action.
In the instant case the plaintiff is not a bailee but a conditional vendor, and the automobile was not operated by a bailee but by a conditional vendee.
A conditional sale of personal property is not a technical bailment; the true distinction being that a conditional sale contemplates that at some time the title shall pass to the vendee and he shall pay the purchase price, while a bailment contemplates that title shall not pass to the bailee, but shall remain in the bailor, and that the property shall be returned to the bailor; but so far as the use of the subject of the conditional sale by the purchaser is concerned, the relation between the seller and purchaser is in effect that of a bailor and bailee for hire, and their rights are to be determined by the principles of law applicable *95 to bailments. Vermont Acceptance Corp. v. Welstrue, 103 Vermont 219.
Accordingly, a conditional vendor as owner of the legal title may sue and. recover from a third person who damages or destroys the subject matter of the sale, at least to the extent of the balance of the purchase price due him. Lacey v. Great Northern R. Co., 70 Montana 346; Smith v. Louisville & Nashville R. Co., 208 Ala, 440; Smith v. Gufford, 36 Fla. 481; Ryals v. Seaboard Air Line R. Co., 158 Ga. 303; Caroline C. and O. R. Co. v. Unaka Springs Lumber Co., 130 Tenn. 354; United Iron Works v. Hurley Mason Co., 71 Wash. 275; French v. Osmer, 67 Vt. 427; 38 A. L. R. 1340. We know of no decisions in this Commonwealth to the contrary.
The defendant contends, however, that in 1939, and after the decision of Nash v. Lang, the Legislature so amended that portion of c. 255 of the General Laws relating to conditional sales that thereafter the conditional vendor had only a “security title” similar to that held by a mortgagee under a chattel mortgage.
The amendments of 1939 contain no provisions which deprive the conditional vendor of the legal title to the property, with the possible exception of Section 13F. This section where applicable would seem to take away from the vendor his right to repossess the property and possibly his legal title thereto, but only under the conditions there specified.
The conditions are, in part, that if the vendee shall have paid at least fifty percent of the total “time price” and shall in a writing to the vendor, sent by registered mail, within a time fixed, have requested that the property be sold at public auction, it shall be so sold. But these conditions did not obtain in this case.
It is true that in Lehan v. North Main Street Garage, 312 Mass. 547, 550, our Supreme Court said: “This con *96 struction recognizes the true nature of a conditional sale as a transfer of the property and in a broad sense of the title also, from the seller to the buyer, saving only to the seller a security interest generally similar to that which he would have if he had conveyed a technical title and taken a mortgage back.”
But it must be borne in mind that the above language was used in a decision on a question different from that here involved.
While, therefore, the tendency of the statutes and decisions seems to be to give more and more protection to the conditional vendee and increasingly to diminish the rights of the conditional vendor, yet the law has not yet reached the point where the rights of a conditional vendor and a chattel mortgagee are identical.. We still have one statute relating to conditional sale and another regulating chattel mortgages, and their provisions are different.
The remedies that the conditional vendor had before the passage of the amendments to the statute remain to him except so far as they are superseded by the amendments, French v. Olson, supra. The amended statute does not, under the facts of this case, deprive the plaintiff of the rights he had before the passage of the amendments.
Plaintiff’s requests Nos. 6, 7 and 8 should have been given. It was prejudicial error to deny them.
The finding for the defendant is to be vacated and a finding entered for the plaintiff in the amount of $450.00.