## UNITED STATES
### v.
## ONE 1952 DE SOTO CLUB COUPE et al.
### No. 9595(2).

United States District Court
E. D. Missouri, E. D.

July 10, 1954.

Harry Richards, U. S. Atty., and Robert E. Brauer, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Rosenblum & Goldenhersh and Merle L. Silverstein, St. Louis, Mo., for Intervenor, Ted's Motors, Inc.

HULEN, District Judge.

We have for ruling the claim of the interpleader, holder of a mortgage on the automobile, subject of the libel.

The sole issue submitted is whether or not the extrajudicial statements of the owner and driver of the respondent au-

tomobile are competent evidence in this action. Ruling on this point is admittedly determinative of the rights of the interpleader.

Intervenor relies solely on two cases, neither of which is controlling in this situation. In United States v. Physic, 2 Cir., 1949, 175 F.2d 338, the Court reversed a forfeiture decree saying that although the search of a car is valid if based on hearsay, the Government must prove at least what the hearsay was and it must be such as to lead a reasonable man to believe the car carried contraband. The reversal was based on the Government's failure to supply this proof—such is not the situation in the case at bar. In United States v. One 1949 Pontiac Sedan, 7 Cir., 1952, 194 F.2d 756, certiorari denied Moses v. United States, 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363, the Court ruled that statements by the owner of the car, revealing that he had come to the house in the car, were non-admissible. This ruling was based on the fact that the statements—made in response to questions—lacked spontaneousness and hence could not be admitted as part of the res gestae. The value of this ruling, however, is minimized by the fact that the Court was not greatly concerned with the problem. This is evident from the Court's statement, 194 F.2d at page 761,

"However in view of our further conclusions, the propriety of the exclusion of this evidence is not decisive of the issues herein."

The cases relied on by the Government clearly show the admissibility of the statements in this case. In Dobbins' Distillery v. United States, 96 U.S. 395, 24 L.Ed. 637, the lessor of the seized property claimed statements by the lessee were improperly admitted. The Court very emphatically stated actions of this type are against the property and not against a party and that although such evidence would be inadmissible in an action against the party, such is not the rule when the proceedings are against the property.

In Interstate Securities Co. v. United States, 10 Cir., 1945, 151 F.2d 224, the Court took judicial knowledge of the transporter's plea of guilty in determining if the car was the one used in the transportation. The Court said, 151 F.2d at page 226,

"Certainly the admission of the transporter is competent evidence of the illegal transportation. * *"

Intervenor in his reply brief would distinguish the cases cited by the Government on the ground that in the cases cited,

"* * * the automobile subjected to forfeiture was actually discovered by officers while being used to transport contraband * * *." (p. 1 reply brief).

It must be noted in the above case, however, that the car was discovered being unloaded of liquor in Oklahoma while the charge was the transportation of liquor from Missouri to Oklahoma. Therefore, the only evidence to show that the liquor had crossed the state line was the statement of the transporter, for the mere discovery of the car and liquor in Oklahoma was not proof of the transportation across the state line.

Finally in United States v. One Buick Automobile, D.C.Vt. 1927, 21 F.2d 789, the Court stated, as was stated in the above cases, that the property speaks through the party. The Court stated, 21 F.2d at page 791:

"The hearsay rule does not apply, for the seizure of the car did not abrogate the conditional sale by the claimant to Mrs. Belmont. Between them her right to the car remained the same, and what she said against it, while she had a special property in it, and not only actual possession but right of possession, was evidence against it, notwithstanding the claimant was the general owner. * * *"

A form of judgment may be submitted dismissing the interplea.